DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FLORIDA INSURANCE GUARANTY ASSOCIATION, INC.,**
Appellant,

v.

**RAY WILSON,**
Appellee.

No. 4D2025-0232

[July 8, 2026]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine D. Cheesman, Judge; L.T. Case No. 502021CA013070XXXXMB.

Hinda Klein of Conroy Simberg, Hollywood, for appellant.

Matthew McElligott of Valiente, Carollo & McElligott, PLLC, Miami, for appellee.

CONNER, J.

Florida Insurance Guaranty Association ("FIGA") appeals the trial court's order granting appellee Ray Wilson's ("the Insured") motion to enforce settlement agreement and requiring FIGA to pay a remaining settlement amount. FIGA contends the remaining balance was for the Insured's attorneys' fees. FIGA further contends that attorneys' fees are not part of covered claims for which it is obligated to pay. We agree with FIGA's arguments and reverse.

After the Insured's insurer denied the damage claim to the Insured's home caused by a tropical storm, the Insured filed suit against the insurer for breach of contract. Within the complaint, the Insured sought attorneys' fees pursuant to section 627.428, Florida Statutes (2021),[1] which permits an award of attorneys' fees upon rendition of a judgment

---

[1] Section 627.428 was repealed effective March 24, 2023, Ch. 2023-15, § 11, Laws of Fla., but the repeal "does not apply to then-existing cases." *7635 Mandarin Drive, LLC v. Certain Underwriters at Lloyd's, London*, 392 So. 3d 592, 596 n.2 (Fla. 4th DCA 2024).

against an insurer and in favor of an insured for covered claims the insurer refuses to pay.

The Insured and the insurer signed a settlement agreement and general release which provided that the settlement amount of $65,000 be paid by two checks: (1) one for $43,500 to the Insured, the mortgage company, and the public adjuster, and (2) another for $21,500 to the Insured's attorneys. The settlement agreement and release also stated that the Insured "unconditionally and absolutely" released the insurer "from all claims and demands for monetary relief asserted in this [] lawsuit, inclusive of any claim for attorneys' fees, inclusive of costs and pre-judgment interest."

Before the settlement payment was made, the insurer became insolvent, and FIGA was substituted as the defendant in the case. After receiving only partial payment from FIGA, the Insured filed a motion to enforce the settlement agreement, seeking the remaining balance which FIGA refused to pay. The Insured's motion alleged that FIGA contended the balance was for attorneys' fees, which FIGA argued it was not statutorily obligated to pay. However, the motion did not cite anything in the settlement documents which clearly stated the unpaid balance was for attorneys' fees.

FIGA did not directly respond to the Insured's motion, but instead filed a "cross-motion for dismissal after settlement" and argued that "[b]ecause the basis for the fee claim arises from § 627.428, the fees portion of a pre-liquidation settlement is not a 'covered claim' as defined by the FIGA statutes" and therefore, FIGA was not required to pay that portion of the Insured's settlement agreement. FIGA also contended that "[b]ecause an insolvent carrier's obligation to pay fees under § 627.428 does not arise out of the policy but by statute, not applicable to FIGA, it is not considered to be within the definition of a covered claim." FIGA further asserted that "[w]here as here, FIGA has not affirmatively denied coverage for a claim, FIGA would only be responsible for an insolvent carrier's fee claim for a case settled before liquidation if the policy itself, contained a prevailing party provision[,]" which the subject policy in this case did not.

At the hearing on the settlement enforcement motion, the Insured argued that the $65,000 was a global settlement of the claim, and no release provision stated that the $21,500 was for statutory attorneys' fees and costs. FIGA argued that "if a claim arises from [section] 627.428 and doesn't arise out of the policy, then it's not considered to be a covered claim and there's no obligation . . . to pay." FIGA acknowledged that the settlement was for a "lump sum, but when you look at how they're

earmarked . . . [o]ne is indemnity and the rest is as a result of having to pay under [section] 627.428."

The trial court issued a written order finding, in pertinent part: (1) "the Release [was] clear and unambiguous on its face[,]" and (2) "there was a global resolution for $65,000.00, and nothing in the Release specifies that the $21,500.00 [was] attributable to Fla. Stat. 627.428 or any other consideration outside of the insurance policy." The trial court granted the Insured's motion and ordered FIGA to pay the remaining balance.

"We review the trial court's application of the law to the facts de novo." *Fla. Ins. Guar. Ass'n, Inc. v. Waterfire Restoration, LLC*, 427 So. 3d 996, 997 (Fla. 4th DCA 2025), *reh'g denied* (Feb. 12, 2026) (citing *Fla. Ins. Guar. Ass'n v. Olympus Ass'n*, 34 So. 3d 791, 794 (Fla. 4th DCA 2010)).

"A general settlement will be presumed to include all existing demands between the parties, <u>imposing on the party claiming that certain items were not included the burden of proving that fact</u>." *Wade v. Wade*, 63 So. 2d 184, 185 (Fla. 1953) (emphasis added) (citation omitted).

FIGA is obligated "to the extent of covered claims existing" before the insurer's insolvency adjudication. § 631.57(1)(a)1.a., Fla. Stat. (2023). Under section 631.54(4), Florida Statutes (2023) a "covered claim" is, in pertinent part, "an unpaid claim . . . which arises out of, and is within the coverage, and not in excess of, the applicable limits of an insurance policy . . . issued by an insurer[.]" In interpreting section 631.54(4), the Florida Supreme Court has held that "a covered claim must meet two distinct requirements: (1) it must arise, or originate, from an insurance policy and (2) it must be within the coverage of, or be included within the risks taken on and losses protected against in, an insurance policy." *Petty v. Fla. Ins. Guar. Ass'n*, 80 So. 3d 313, 316 (Fla. 2012) (footnote omitted). Accordingly, FIGA is only obligated to pay for a section 627.428(1) attorneys' fees award if the claim for fees is within the coverage of the underlying insurance policy. *Id.* The *Petty* Court recognized that while attorney's fees under section 627.428 are an implicit part of the policy, if the "underlying insurance policy does not expressly provide coverage for a section 627.428(1) fee award, it is not a covered claim . . . that FIGA must pay." *Id.* at 317.

Applying *Petty*, we have recently reversed trial court decisions requiring FIGA to pay attorneys' fees that were not payable under the policy but instead under section 627.428. *Waterfire Restoration*, 427 So. 3d at 998; *Fla. Ins. Guar. Ass'n v. Cadet*, 431 So. 3d 276, 278 (Fla. 4th DCA 2026); *Fla. Ins. Guar. Ass'n v. Hintz*, 4D2025-0204, 51 Fla. L. Weekly D1243a

(Fla. 4th DCA June 17, 2026). The Third District has relied on *Waterfire Restoration* and reached the same conclusion in *Florida Insurance Guaranty Association v. Ramos*, 427 So. 3d 187 (Fla. 3d DCA 2026).

Although the trial court did not have the benefit of our previous decisions, this case is governed by *Petty*. Here, the Insured sought attorneys' fees in his complaint. Thus, a presumption arose that the settlement agreement included attorneys' fees. *See Wade*, 63 So. 2d at 185. In fact, while the agreement includes the global settlement of $65,000 and does not designate a specific amount for attorneys' fees, the agreement expressly states that the settlement is "inclusive of any claim for attorneys' fees," and then apportions $21,500 to be paid directly to counsel.

Contrary to the Insured's assertion on appeal, the Insured had the burden to show that the settlement amount did not include attorneys' fees, and the Insured failed to meet that burden. *Id.* at 185. The Insured argues that he met his burden by the release's language which clearly waived "any claim to the attorneys' fees in exchange for the global settlement of $65,000.00." While the settlement agreement and release stated that, in consideration of $65,000, the Insured had "unconditionally and absolutely" released the insurer from "all claims and demands for monetary relief asserted in this [] lawsuit, inclusive of any claim for attorneys' fees," the agreement also expressly stated that the settlement is "inclusive of any claim for attorneys' fees," and provided that the insurer would pay $21,500 to the Insured's counsel.

Although the settlement agreement and release did not expressly state that the $21,500 was for "attorney's fees and costs" as in *Waterfire Restoration*[2] or "include[d] attorneys' fees and costs" as in *Cadet*,[3] the settlement agreement and release explicitly stated that the settlement was "inclusive of any claim for attorneys' fees," which is precisely what the settlement agreement provided for in *Hintz*. 4D2025-0204, 51 Fla. L. Weekly D1243a. As in *Hintz*, "[w]e cannot conceive of any other explanation for the separate check to the law firm, nor have the insureds provided an explanation other than the obvious -- the separate check was for attorney's fees." *Id*.

This case is also akin to *Ramos*, where the complaint pled entitlement to attorneys' fees under section 627.428 and the parties entered into a settlement agreement to end litigation, which provided that the insurance

---

[2] 427 So. 3d at 997.
[3] 431 So. 3d at 277.

company would pay the insureds $45,000 and would separately pay their counsel $27,000. *See Ramos*, 427 So. 3d at 188. The Third District determined the $27,000 payment "could only be read as being intended to cover [the insureds'] entitlement to fees under section 627.428." *Id.* at 190.

We construe the settlement agreement and release in this case in a similar fashion. Notably, the Insured provided no evidence to the contrary, other than the settlement agreement and release itself. Nor does the Insured argue that attorneys' fees are within the policy's coverage.

Having determined that the Insured failed to establish that attorneys' fees were payable under the policy, or that the check payable to the Insured's counsel was not attorneys' fees pursuant to section 627.428, we reverse the order enforcing settlement and remand for further proceedings consistent with this opinion.

*Reversed and remanded for further proceedings.*

LEVINE and SHEPHERD, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***